## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Richard Perales,                                    Civil No. 14-2205 (JNE/JJG)

       Plaintiff,

v.                                                  **REPORT AND RECOMMENDATION**

United States, Warden, Sheriff Bailey,
Randy Schmidt, and Richard Norman,

       Defendants.

---

JEANNE J. GRAHAM, United States Magistrate Judge

This matter is before the undersigned United States Magistrate Judge on Richard Perales's Application to Proceed in District Court without Prepaying Fees or Costs ("IFP application"), filed pursuant to 28 U.S.C. § 1915(a)(1), and for an initial review of his Complaint, as authorized by 28 U.S.C. § 1915(e)(2). Perales is currently hospitalized at the Federal Medical Center (FMC) in Rochester, Minnesota, pursuant to an order of commitment issued under 18 U.S.C. § 4246 by the United States District Court for the Western District of Missouri.[1] For the reasons discussed below, the Court recommends that Perales's IFP application be denied and that this action be summarily dismissed.

## I.      Background

Perales was indicted in 1997 in the United States District Court for the Western District of Texas for unlawful possession of a destructive device and conspiracy to commit money laundering. R&R at 2, *United States v. Perales*, No. 1:97-cr-0076 (W.D. Tex. Feb. 10, 2009),

---

[1] Much of the procedural history set forth in this Report and Recommendation (R&R) is derived from the Court's R&R issued in *Perales v. United States*, No. 14-cv-1722 (JNE/JJG) (D. Minn. June 6, 2014), ECF No. 2. The Court incorporates that R&R herein by reference.

ECF No. 75. He was ordered to submit to a psychiatric evaluation to determine his mental competency to stand trial. *See id.* The court determined that Perales suffered from a mental disease or defect and that his release would pose a significant risk of bodily injury or property damage. *See id.* Accordingly, Perales was committed to the Bureau of Prisons pursuant to 18 U.S.C. § 4246. *See id.* The government later filed a petition for civil commitment on August 3, 1999, in the United States District Court for the Western District of Missouri. *See id.* The petition was granted and affirmed on appeal. *United States v. Perales*, No. 99-3854, 2000 WL 1268214, at *1 (8th Cir. Sept. 7, 2000). Perales remains in the custody of the Attorney General pursuant to § 4246.

The case at hand is the second action Perales has filed in the United States District Court for the District of Minnesota. The first action, *Perales v. United States*, No. 14-cv-1722 (JNE/JJG), was initiated by the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On initial review of that case, this Court recommended that (1) Perales's challenge to his civil commitment be denied; (2) Perales's First, Second, and Eighth Amendment claims be dismissed without prejudice for lack of jurisdiction; (3) Perales be allowed to file a civil complaint pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and either pay the full filing fee for a civil action or file an application to proceed without prepayment of fees; and (4) if Perales failed to file a civil complaint within the time allowed, that the action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b). R&R at 7, *Perales v. United States*, No. 14-cv-1722 (JNE/JJG) (D. Minn. June 10, 2014), ECF No. 2. The Court intended for Perales to file the civil complaint in the existing habeas action, No. 14-cv-1722, but the Clerk's Office opened a new

2

case, No. 14-cv-2205, when Perales exercised the third option and filed a Complaint and IFP application.

Perales names the following Defendants in the caption of his current Complaint: the United States, Warden, Sheriff Bailey, Randy Schmidt, and Richard Norman. (Compl. at 1, ECF No. 1, June 25, 2014.) Bailey, Schmidt, and Norman allegedly are citizens of Texas and employees of the Travis County Courthouse. (*Id.* ¶¶ 2, 5.) Perales claims that in 1982, Bailey, Schmidt, and Norman stomped and kicked his back, crushed six of his discs, and strangled him until he was unconscious. (*Id.* ¶ 7.) Perales contends that this conduct violated the Eighth Amendment. (*Id.* ¶ 4.)

## II.    Discussion

An IFP application will be denied, and the action will be dismissed, if the applicant has filed a pleading that is frivolous or that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i), (ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Sanders v. United States*, 760 F.2d 869, 871 (8th Cir. 1985). An action initiated by a pro se individual is frivolous when "it appears beyond doubt that the [plaintiff] can prove no set of facts in support of the claim which would warrant relief." *Sanders*, 760 F.2d at 871. This standard encompasses the requirement that a court must have personal jurisdiction over each litigant. *Id.*

Perales has not alleged or otherwise shown any grounds for exercising personal jurisdiction over Bailey, Schmidt, and Norman. The Complaint alleges these Defendants are citizens of Texas and employees of Travis County, Texas. Nothing in the Complaint suggests that Bailey, Schmidt, or Norman have ever conducted any business in Minnesota, engaged in any activity in Minnesota, or established any presence in Minnesota such that a Minnesota court

could exercise personal jurisdiction over them. Thus, Perales's claims against Bailey, Schmidt, and Norman should be summarily dismissed. *See id.*; *Kalincheva v. Neubarth*, No. 14-cv-0020 (PJS/JJG), 2014 WL 359381, at *2 (D. Minn. Feb. 3, 2014) (Schiltz, J., adopting R&R of Graham, Mag. J.).

With respect to the other two named Defendants, the United States and Warden, Perales has alleged no facts against them. A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In addition, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Perales's sole claim is based on events that allegedly occurred in Texas by county employees. Perales's allegations do not support an Eighth Amendment claim, or any other claim for that matter, against the United States, a federal employee or agent, or a warden of a facility in Minnesota.[2]

## III.    Recommendation

Because there is no basis to exercise personal jurisdiction over Bailey, Schmidt, and Norman, and Perales has failed to plead an actionable claim for relief against the United States and Warden, the Court recommends that the pending IFP application be denied and that this action be summarily dismissed pursuant to § 1915(e)(2)(B)(i) and (ii).

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1.      Richard Perales's Application to Proceed in District Court without Prepaying Fees or Costs (ECF No. 2) be **DENIED**; and

---

[2] To the extent Perales intended to sue a warden in Texas or another state, there are no grounds to exercise personal jurisdiction over such an individual, as previously discussed.

2.     This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).


Dated: July 7, 2014                                   _s/Jeanne J. Graham_____
                                                      JEANNE J. GRAHAM
                                                      United States Magistrate Judge


## NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **July 28, 2014.** A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The district judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.